IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 3:98-cr-00038-21 |
| v. | ) | |
| | ) | Judge Nixon |
| RICHARD KEESEE | ) | |

## ORDER

Pending before the Court is Defendant Richard Keesee's Motion Pursuant to 18 U.S.C. § 3582(c)(2) ("Motion"), seeking to modify his sentence under the amended United States Sentencing Commission Guidelines ("Guidelines") for crack cocaine offenses. (Doc. No. 3764.) For the reasons stated below, the Court **GRANTS** the Motion and **MODIFIES** Keesee's sentence to a term of **214 months'** imprisonment.

### I. BACKGROUND

On August 11, 1999, Keesee pleaded guilty to one count of conspiring to knowingly and intentionally distribute cocaine, cocaine base ("crack cocaine"), and marijuana in violation of 21 U.S.C. § 846, and 18 U.S.C. § 2. (Doc. Nos. 342 at 2–3; 579; 2391.) Keesee's plea agreement with the Government stated that both parties would "jointly recommend a base offense level of 38 (more than 1.5 kilograms of crack cocaine) pursuant to U.S.S.G. § 2D1.1" for sentencing purposes, with the Government recommending "a three-level reduction in the sentencing guidelines for acceptance of responsibility." (Doc. No. 579 at 7.) Based on these terms, the Presentence Investigation Report ("presentencing report") calculated that Keesee had a total offense level of 35 with a criminal history category of VI, which produced a sentencing range of 292 to 365 months under the Guidelines. (Doc. No. 2391 at 6, 11–12, 29.)

On September 28, 2006, the Court held a sentencing hearing at which it sentenced Keesee to 292 months' imprisonment, followed by five years of supervised release. At the sentencing hearing, the Court gave the following explanation:

> Mr. Keesee, I am going to commit you to the custody of the Attorney General of the United States or his designated representative for a period of 292 months. And in imposing that sentence I am taking into consideration the fact that you are a Career Offender, your lengthy criminal record, the offense charged. And that is at the very low end of the Guidelines because I have already—I have also taken into consideration your cooperation in the State case and your attempts at rehabilitation and other conduct while incarcerated other than your attempt to defraud the Government and also considering your age.

(Doc. No. 2422 at 39–40.)

On September 6, 2011, Keesee filed the instant pro se Motion to reduce his sentence, based on the amendments to the Guidelines following the Fair Sentencing Act of 2010. (Doc. No. 3764.) The Government then filed a Response, stating Keesee was eligible for a reduced sentence of 262 to 292 months as a career offender and requesting the Court use its discretion in considering a reduced sentence within this range. (Doc. No. 3826 at 1–2.) The Court appointed counsel for Keesee and held a hearing on the Motion on April 30, 2012, after which the parties filed post-hearing briefs (Doc. Nos. 3834; 3838).

At this stage, the parties appear to agree on the following sentencing parameters under the Guidelines: In September 2006, Keesee's crack cocaine offense carried a base offense level of 38 under § 2D1.1 of the Guidelines and, when combined with a criminal history category of VI and a three-point reduction for acceptance of responsibility, produced a total offense level of 35 and sentencing range of 292 to 365 months. Under the amended Guidelines, the same crack cocaine offense would have corresponded to a base offense level of 34 under § 2D1.1, such that an adjusted offense level of 31 with a criminal history category VI would have produced a sentencing range of 188 to 235 months. By comparison, in 2006, a career offender offense level

of 37 with a three-point reduction and a category VI criminal history led to a total offense level of 34 and produced a sentencing range of 262 to 327 months.

## II. LEGAL STANDARD

By statute, the Court has the discretion to reduce a term of imprisonment retroactively "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) (2012). When a court modifies a sentence, it must consider the sentencing factors enumerated in 18 U.S.C. § 3553(a) where applicable, as well as the Sentencing Commission's policy statement on reducing sentences as a result of changes to the Guidelines. *Id.*; *Dillon v. United States*, 130 S. Ct. 2683, 2691 (2010). The policy statement requires a court to "determine the amended guideline range that would have been applicable to the defendant" had the amended Guidelines "been in effect at the time the defendant was sentenced." U.S. Sentencing Guidelines Manual § 1B1.10(b)(1) (2012) ("U.S.S.G."). "In making such determination, the court shall substitute only the amendments . . . for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." *Id.*

## III. ANALYSIS

Here, the parties agree that Keesee is legally eligible for a sentence reduction under § 3582(c)(2); the issue is how much of one and on what basis. The Government argues that the career offender offense level and a 262- to 292-month sentencing range should apply (Doc. No. 3826), while Keesee argues that the amended base offense level should apply, leading to a 188- to 235-month range (Doc. No. 3834).

*A. Applicable Amended Guidelines Range*

3

Keesee puts forth two arguments for the Court to apply the lower, 188- to 235-month range. First, the Court should modify his sentence based on the amended crack cocaine base offense level because—as both parties agree—the Court originally based Keesee's sentence on the base offense level, and not on his career-offender status. (Doc. No. 3834 at 5.) In the alternative, he argues the Court should exercise its discretion to apply a downward variance and adopt the lower range, in light of the "considerable disparity" between the career offender and amended crack cocaine offense levels. (*Id.* at 6.)

For its part, the Government argues that, because the career offender offense level is now greater than the amended crack cocaine offense level, the career offender range should apply under § 4B1.1 of the Guidelines, which state that "if the offense level for a career offender . . . is greater than the offense level otherwise applicable, the offense level [for career offenders] shall apply." (Doc. No. 3838 at 2.) In addition, it argues that Keesee's position is contrary to "moral" and "common sense," because a defendant with "such a large amount of crack that the offense level was 38 instead of offense level 37, which would apply under the career offender provision, is eligible for a lower sentence than a defendant with the same criminal history who had a smaller quantity of crack cocaine." (*Id.* at 1.)

The issue of whether the Court should apply the crack cocaine or the career-offender baseline under Keesee's § 3582(c)(2) sentence-modification presents an admittedly unique scenario for this Court. In these circumstances, the Court finds it has sufficient grounds to adopt the amended Guideline range advocated by Keesee.

The Court's § 3582(c)(2) analysis necessarily begins with an examination of its 2006 decision. Justice Sotomayor, writing the controlling opinion in *Freeman v. United States*, reasoned that, "[t]o ask whether a particular term of imprisonment is 'based on' a Guidelines

4

sentencing range"—and, thus, is eligible for modification under § 3582(c)(2)—"is to ask whether that range *serves as the basis or foundation* for the term of imprisonment." 131 S. Ct. 2685, 2695 (2011) (Sotomayor, J., concurring) (emphasis added). "As a result, in applying § 3582(c)(2) a court must discern the foundation for the term of imprisonment imposed by the sentencing judge." *Id.*

The Sixth Circuit has held that a district court must "look to what [it] actually said and did at the original sentencing" to determine the basis of its sentencing decision. *United States v. Hameed*, 614 F.3d 259, 264 (6th Cir. 2010) (citation and quotation marks omitted). In *Hameed*, a crack cocaine resentencing case, the Sixth Circuit held a defendant's sentence was "based on" the later-amended crack cocaine Guidelines because the district court "began [its] departure analysis" and sentencing calculations from the § 2D1.1 base offense level for drug quantity and, thus, did not derive the sentence exclusively from the career offender Guidelines. 614 F.3d at 264–67.

Here, as in *Hameed*, this Court based Keesee's sentence on the Guidelines range for his crack cocaine offense only, as recommended by both the plea agreement and the presentencing report. The plea agreement stated explicitly that both parties would "jointly recommend a base offense level of 38 (more than 1.5 kilograms of crack cocaine) pursuant to U.S.S.G. § 2D1.1" (Doc. No. 579 at 7), which then corresponded to the base offense level for a drug-trafficking offense involving a quantity of between 840 grams and 2.8 kilograms of crack cocaine, U.S.S.G. § 2D1.1(c)(3) (2005). The agreement further stated that the Government would recommend "a three-level reduction in the sentencing guidelines for acceptance of responsibility." (Doc. No. 579 at 7.) Nowhere did it mention Keesee's career-offender status.

5

While the presentencing report's computation necessarily listed both the crack cocaine offense and career offender offense levels in its comprehensive and formulaic recitations, it applied the plea agreement's recommended base offense level of 38 only—and not the career-offender baseline of 37—to determine the total offense level applicable. (Doc. No. 2391 at 11–12.) Taking the three-level reduction for acceptance of responsibility into account, the report recommended a total offense level of 35 with a criminal history category of VI and a sentence within the Guidelines range of 292 to 365 months. (*Id.* at 29.)

At the sentencing hearing, after both sides presented arguments on the sentencing range recommended by the plea agreement and presentencing report, the Court concisely issued a 292-month sentence and its reasons for doing so. In stating that this sentence fell "at the very low end of the Guidelines," the Court emphasized that it considered the recommended sentencing range only. (Doc. No. 2422 at 39.)

Given this basis for Keesee's sentence, the Court finds it has the discretion under the Guidelines to modify the sentence to a new term of imprisonment consistent with the amended and adjusted crack cocaine base offense level for Keesee's offense. Once a court determines a defendant's sentence was "based on" on a later-amended Guidelines range, a district court may "revisit a prior sentence to whatever extent the sentencing range in question was a relevant part of the analytic framework the judge used to determine the sentence." *Freeman*, 131 S. Ct. at 2692–93 (plurality opinion); *see United States v. Jackson*, 678 F.3d 442, 445 (6th Cir. 2012) (adopting plurality's formulation). In determining the applicable amended Guidelines range, "the court shall substitute only the amendments . . . for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1).

Here, the base offense level for Keesee's count of conspiring to distribute 1.5 kilograms of crack cocaine has fallen from level 38 to level 34 under the amended Guidelines. U.S.S.G. § 2D1.1(c)(3) (2012). Applying the same three-level reduction and the category VI criminal history used to compute Keesee's original sentence now produces an offense level of 31 and a sentencing range of 188 to 235 months. U.S.S.G. Ch. 5, Sentencing Table (2012).

In adopting this range, the Court explicitly rejects the Government's argument that the career offender Guidelines should now dictate Keesee's sentencing range. While U.S.S.G. § 4B1.1(b) calls for a career offender offense level to prevail over a lesser base offense level at the time of sentencing, the Court finds the career offender sentencing range was neither binding on nor formed the *actual basis* for the Court's decision in 2006. Acknowledging this, the Government nonetheless attempts to swap horses midstream, trading the Court's actual sentencing basis and the terms the Government agreed to in the plea agreement for a new sentencing basis now that the latter have become undesirable. The Court has found no binding case law that requires this outcome, while recent Sixth Circuit case law provides support for the Court's position.

In *United States v. Jackson*, the Sixth Circuit rejected the government's argument that, because a career offender Guidelines range applied to a defendant, he did not qualify for a modified sentence based on the underlying, amended crack cocaine offense. 678 F.3d at 445. Rather, the Sixth Circuit held the district court had the discretion to consider modifying the defendant's sentence based on the reduced crack cocaine Guidelines range, as the district court had veered from the career offender Guidelines range in sentencing and had explicitly stated its disagreement with the Guidelines' harsh penalties. *Id.*

7

While *Jackson* did not directly address the retroactive applicability of U.S.S.G. § 4B1.1(b) when a court sentences a defendant based on a base offense level that is later reduced below a career offender offense level, the Sixth Circuit nonetheless implicitly rejected the notion that § 4B1.1(b) bars modification of an existing sentence to the amended base offense level. The court stated that it "recognize[d] that the defendant's criminal history required the district court to consider the career offender guidelines, but in deciding whether the now-amended and retroactive crack cocaine guidelines apply to defendant, *we focus on the range that was actually applied to the defendant in this case.*" *Id.* at 444 (emphasis added). In so ruling, the court emphatically "reject[ed] the . . . formalistic application of the now-advisory guidelines and decline[d] to adopt the narrow approach that would categorically deny a defendant the benefit of a sentencing reduction based on a retroactive amendment to the guidelines." *Id.* at 445.[1]

This Court finds *Jackson*'s reasoning and outcome apply here, where the Court unambiguously applied the crack cocaine offense level at sentencing and did not consider Keesee's career offender offense level. As the Sixth Circuit did in *Jackson*, this Court rejects the Government's formalistic application of the Guidelines that would disregard the actual basis of the Court's 2006 sentencing decision and would deny Keesee the full benefit of the Fair Sentencing Act's mandate. In fact, as stated above, the Court finds that a strict application of the Guidelines and their policy statement just as easily requires the Court to leave unaltered its 2006

---

[1] More recently—in an unpublished case dealing with the § 3582(c)(2) resentencing of a defendant convicted for possession of crack cocaine with the intent to distribute, but sentenced under the higher career offender Guidelines—Judge Merritt noted in a dissent his strong belief that "[t]he career offender provisions do not simply trump the rest of the sentencing scheme." *United States v. Wherry*, No. 12-3042, 2013 WL 1607444, *6 (6th Cir. April 16, 2013) (Merritt, J., dissenting). Arguing for the application of the lower base offense level in that context, Merritt explained that "§ 4B1.1 is not independent of § 2D1.1" because the basis for the defendant's conviction remained the drug offense, with the career offender Guidelines serving as a sentence enhancement. *Id.* Because the sentence calculations are "inextricably intertwined," Merritt argued, the defendant's sentence was based on the crack cocaine Guidelines. *Id.*

8

decision to base Keesee's sentence on the crack cocaine base offense level with a three-level reduction and criminal history category of VI, and to substitute only the lowered numeric offense level and the sentencing range produced.

Thus, because the Court based Keesee's 2006 sentence on the since-reduced crack cocaine Guidelines, the Court finds Keesee eligible for a modified sentence within the 188- to 235-month range.

*B. Sentence Modification*

In modifying Keesee's sentence, the Court must consider the sentencing factors enumerated in 18 U.S.C. § 3553(a), 18 U.S.C. § 3582(c)(2), and must avoid modifying Keesee's sentence to a term shorter than what he has already served, U.S.S.G. § 1B1.10(b)(2)(C). According to his post-hearing brief, Keesee expects to be released from prison in February 2020 at the conclusion of his 292-month sentence (Doc. No. 3834 at 1); the Government has not disputed this.

As it did in 2006, the Court makes its decision considering several factors that weigh in Keesee's favor in modifying his sentence now: Keesee's cooperation with the Government and law enforcement officials, as discussed in the plea agreement, presentencing report, and sentencing hearing; Keesee's efforts at rehabilitation through various educational and vocational programs in prison, including obtaining a high school equivalency certificate and participating in a range of other classes; and his advancing age of approximately 60 years. In addition, the Court considers the nature of the offense to which Keesee pleaded guilty—transporting a large amount of crack cocaine, cocaine, and marijuana in a single incident in 1997—and the more than 200 months Keesee has already served on his sentence.

9

Accordingly, the Court **MODIFIES** Keesee's sentence to **214 months'** imprisonment, a mid-range sentence the Court finds appropriate for the reasons stated above and given the Guidelines' prohibition on modifying a sentence below time already served. *See* U.S.S.G. § 1B1.10(b)(2)(C). The Court does not modify the length or terms of Keesee's supervised release, which it finds conforms with the provisions of 18 U.S.C. § 3583.

## IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** the Motion and **MODIFIES** Keesee's sentence to a term of **214 months'** imprisonment. The terms and length of Keesee's supervised release remain unchanged.

It is so ORDERED.

Entered this the ____ day of June, 2013.

_____
JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT